## MARGARET SULLIVAN *v.* DELAWARE & HUDSON CANAL COMPANY.

May Term, 1900.

Present:  ROWELL, TYLER, MUNSON, START, THOMPSON and WATSON, JJ.

Opinion filed July 26, 1900.

*Evidence—Facts unconnected without proof of like conditions—*If, as is not here decided, the quality of an act or thing, whether prudent or negligent, safe or dangerous, can be proved by showing that in conditions like those in the concrete case it has produced similar favorable or injurious results ; still, if the conditions are not substantially the same, the evidence is not relevant.

*Illustration—The case—*The plaintiff was injured in falling over a plank incline maintained by the defendant at the door of a freight-room, and claimed that the defendant was negligent in having the incline as it was, and in not lighting the place where it was.  An offer to show that the incline had for thirty years been maintained and used as it was at the time of the injury, but which ignored the matter of leaving the place unlighted, was irrelevant.

*The case—Question of defendant's negligence for the jury—*Some of the testimony was such as to permit the argument that the incline, maintained as it was, was a structure as necessary as any door step, while other testimony tended to show that it might have been movable, and away when not in use, or that its purpose might have been answered by an incline built inside the freight room, and that the incline, as maintained, was not properly lighted at the time of the accident.  In this state of the evidence the question of negligence on the part of the defendant was for the jury.

*The case—Question of contributory negligence for the jury—*There being testimony tending to show that the incline was in a way which the plaintiff might properly take in going to the defendant's waiting room for passengers, and that neither that way nor any other was lighted, it could not be said, as matter of law, that the plaintiff was guilty of contributory negligence.

CASE FOR NEGLIGENCE.  Plea, the general issue.  Trial by jury, Rutland County, September Term, 1899, *Taft*, C. J., presiding.  Verdict and judgment for the plaintiff.  The defendant excepted.

23

*William H. Preston* and *F. S. Platt* for the plaintiff.

*Butler & Moloney* for the defendant.

ROWELL, J.   The east end of the defendant's depot at Castleton was used for passengers and the west end for freight. The building was entirely surrounded by a platform about eight inches lower than the floor of the building. The plaintiff was injured by falling over a plank incline, fastened to the platform at the freight-room door, and used for getting freight in and out. It was evening, and the plaintiff's testimony tended to show that there were no lights on the platform at the time; and was dark there. " It seemed perfectly dark," as one witness put it. There were lights in the waiting-room, and the defendant's testimony tended to show that the platform was lighted. The plaintiff claimed only that the defendant was negligent in not having the platform lighted and in having the incline as it was.

The defendant offered to show that the depot had been used as a railroad station for thirty years or more next before the time in question, and that during all that time the incline had been maintained in substantially the same position as then, and had never caused an accident.

If, as many of the cases hold, the quality of an act or a thing, whether prudent or negligent, safe or dangerous, can be proved by showing that in conditions like those in the concrete case it has produced similar favorable or injurious results ; still, if the conditions are not substantially the same, the evidence is not relevant.   Steph. Dig. Ev. Chase, 2d ed. 34, n. 1.

Here the defendant denied the condition of darkness claimed by the plaintiff; and as the offer did not contain that element, it did not present substantially the same conditions as the case presented, and for that reason, if for no other, it was not relevant.

The defendant moved for a verdict, for that the evidence did not tend to show negligence on its part, but did show negligence on the plaintiff's part.   On the first point it is argued, that the incline was a necessary and lawful structure, as much as any

doorstep, and its maintenance not negligence. But while some of the defendant's testimony tended to show that it was necessary to have the incline maintained as it was, other of it tended to show that it might have been movable, and away when not in use, or that one might have been built in the freight room itself that would have answered the purpose. This, coupled with the plaintiff's testimony that it was dark there, made a case for the jury on this point.

On the question of contributory negligence it is argued, that the direct way to the waiting-room was lighted, and that the plaintiff voluntarily went the other way in the dark without looking. But the testimony tended to show that neither way was lighted; that as many went one way as the other; and that if she had looked she could not have seen the incline. This made a case for the jury on this point also.

*Judgment affirmed.*